## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TIFFANY A.,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-106** (Fam. Ct. Kanawha Cnty. No. 11-D-243)

**BRENT D.,**
**Respondent Below, Respondent**


### MEMORANDUM DECISION

Petitioner Tiffany A.[1] appeals the Final Order on Modification entered by the Family Court of Kanawha County on August 17, 2022. Tiffany A. asserts, inter alia, that the family court erroneously denied her petition for modification and sua sponte significantly reduced her parenting time after failing to give her the opportunity to present evidence or testimony. Respondent Brent D. filed a response in support of the family court's ruling. Tiffany A. did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, this case is remanded to the family court to hold an evidentiary hearing and enter a new order.

The parties share two children, now ages fifteen and thirteen, and were operating under a parenting plan whereby Brent D. was the primary residential parent with the children living with him in West Virginia. Tiffany A. had parenting time during holiday breaks and significant time during summer break at her home in Alabama. Tiffany A. filed a pro se petition for modification of the parenting plan on July 19, 2022. As grounds for her modification request, she stated that the children reached the age of maturity and asked

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Tiffany A. is represented by Paul S. Saluja, Esq. Brent D. is represented by Timothy A. Bradford, Esq.

1

to live primarily with her in Alabama. Additionally, Tiffany A. averred that Brent D. failed to provide her with the children's schedules, information about activities, and medical care information, as required in an earlier parenting plan.

The modification hearing was held on August 16, 2022. During the hearing, Brent D. presented a video that showed clips from Tiffany A.'s boyfriend's birthday party. At the party, gag gifts[3] of an adult nature were presented to Tiffany A.'s boyfriend and party guests simulated sexual behavior with the minor children present. After viewing the video, the court determined that the behavior shown in the video was inappropriate for children of their age to have witnessed. Tiffany A. attempted to explain that she was outside playing games in the yard and was not aware that party guests presented her boyfriend those items. However, the court refused to allow Tiffany A. to explain or to present any evidence or testimony to defend herself.[4] The final order was subsequently entered on August 17, 2022, wherein the judge found that Tiffany A's home was not appropriate for the children and sua sponte reduced Tiffany A.'s parenting time to supervised visits at Liam's Place in West Virginia and ordered that telephone calls with the children were now to be supervised by Brent D. It is from this order Tiffany A. now appeals. Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

To decide the appropriate custodial arrangement in this case, it was necessary for the family court to hear and consider evidence from both parties. Rule 2.6(A) of the West Virginia Rules of Judicial Conduct states that, "[a] judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according

---

[3] Tiffany A. testified that they were "gag gifts."

[4] A video recording of the hearing is included in the appendix record. At minute 24:15 Tiffany A. attempted to explain the birthday party video but the judge said, "I need you to stop talking! I need you to stop talking! I'm gonna put you out and dismiss your case!" Tiffany A. later tried to explain the video again and the judge stated, "I don't need you to say another word! I might just take away all your parenting rights!" At minute 26:07, Tiffany A. asked if she's allowed to speak and the judge stated, "No, you are not allowed to speak."

to the law." In *Heather M. v. Richard R.* 242 W. Va. 464 836 S.E.2d 431 (2019), a case involving the same family court judge, the Supreme Court of Appeals of West Virginia found an abuse of discretion and reversed a family court's order when the family court had refused to allow a parent to present evidence in a custody matter.

After the video was presented to the court, Tiffany A. was not afforded the opportunity to defend herself and the children were not permitted to testify about their preferences, which was an abuse of discretion. The family court judge became extremely impatient, expressed irritation and anger, raised her voice and screamed at Tiffany A., and generally engaged in a non-judicial, disrespectful and discourteous manner. Accordingly, we remand this case back to family court with directions to hold a full evidentiary hearing on Tiffany A.'s petition for modification within ninety days of the entry of this memorandum decision. The Final Order on Modification entered on August 17, 2022, is considered a temporary custodial allocation order and shall remain in full force and effect until the hearing on remand is expeditiously concluded and the family court enters a new order.[5]

Accordingly, we remand this case to the family court for further proceedings consistent with this memorandum decision. The clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Remanded with directions.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[5] In her appellate brief, Tiffany A. requested that the family court judge be recused. However, this Court does not have jurisdiction to address the request for recusal. The process to seek to disqualify a judge is set forth in Rule 17 of the West Virginia Trial Court Rules.